THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ZORA REALTY COMPANY and Others, Defendants.

Supreme Court, Bronx County, December 17, 1926.

State — letters patent of lands under water — patent reserved to State right to use lands until patentee made actual appropriation thereof — fact that patentee failed to appropriate lands does not constitute forfeiture where patent fixed no limit of time within which appropriation must be made.

In an action to vacate and annul letters patent issued by the State, of certain lands between high and low-water marks, which reserved to the State the right to use the premises until they should be actually appropriated and applied to the purposes for which they were granted, the fact that the patentee had failed to appropriate said lands except to fill in a small portion thereof does not warrant a finding that the rights conferred by the patent have been forfeited for nonuser, where said patent fixed no time limit within which an actual appropriation must be made, but rather left it to the owner thereof to determine when his self-interest would move him to make an actual appropriation.

ACTION to vacate and annul letters patent granted by the State and to foreclose defendants thereunder.

Motion by certain defendants to dismiss the complaint for failure to state a cause of action.

*John Jay McKelvey,* for the moving defendants.

*Albert Ottinger, Attorney-General [Eugene L. Brisach, Deputy Attorney-General,* of counsel], opposed.

TIERNEY, J.   In 1872 a patent was issued to the owner of the adjacent upland of the lands between high and low-water marks. It recites that it is made for the purpose of promoting the commerce of our State or for the beneficial enjoyment of the adjacent owner.   There was reserved to the People the right to use the premises as if the grant had not been made until the lands should have been actually appropriated and applied to the purposes of commerce or for the beneficial enjoyment of the same by the adjacent owner.   No limit of time is expressed within which an appropriation must be made.   No appropriation has been made, except that a small portion has been filled in.   This action is brought upon the theory that the postponement of the actual appropriation has been unreasonable and the rights conferred by the patent forfeited by non-user.

It is beside the question here involved to find ground for criticism of the propriety of making such a grant.   The Legislature had empowered the Commissioners of the Land Office to make a grant of lands under water between high and low-water marks to the owner of the adjacent upland for his beneficial enjoyment.   The terms upon which such a grant was to be made were to be determined by that Board.   Instead of fixing a limit of time within which an actual appropriation must be made at the penalty of forfeiture they reserved to the People the use of the premises for as long as they remained unappropriated.   This was not a great incentive to the grantee to make promptly the actual use of the premises for which the grant was intended, but it postponed his enjoyment of an exclusive right of ownership until he did make an actual appropriation.   Obviously, it was left to the owner to determine when his self-interest would move him to make an actual appropriation. It does not seem to me that this is a case of a grant of a privilege to which is attached an implied condition that it must be exercised within a reasonable time.   It is rather a grant of the fee so that these lands under water might be annexed to the upland as an extension thereof, taking effect as to title when the grant was made and taking effect as to use and enjoyment when actually appropriated.   In this view of the effect of the patent there was no forfeiture for non-user.   The motion to dismiss the complaint as against the moving defendants is granted.   Settle order on notice.